IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 CR 49

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| PARALEE SUE PETERSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming before the undersigned upon a Violation Report (#21) filed in the above entitled cause on May 29, 2014 by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that Defendant had violated terms and conditions of her pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with her counsel, Mary Ellen Coleman, and the Government was present through Assistant United States Attorney, David Thorneloe. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through her attorney, denied the allegations contained in the Violation Report. Testimony was then presented by the Government through Robert T. Ferguson, United States Probation Officer.

The Defendant was charged in counts one and three in a bill of indictment (#1) filed on August 6, 2013 with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846 and was further charged in count two with being in possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(1). A hearing was held in regard to the detention of Defendant on March 26, 2014. On that date, the undersigned entered an Order releasing Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1) Defendant shall not violate any federal, state or local law while on release.

(8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(8)(r) Defendant must participate in a grogram of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.

During the period from May 1, 2014 through May 6, 2014 a substance abuse sample was collected from the Defendant through Sweat Patch Analysis. On May 16, 2014, the laboratory verified that the Defendant has tested positive for the use

of methamphetamine. The Defendant failed to report for substance abuse treatment on May 22, 2014. The Defendant had reported to her probation officer that she could not attend treatment due to a lack of transportation.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe that Defendant committed a federal and state crime while on release. The Defendant tested positive for use of methamphetamine which means that Defendant would have had to possessed the methamphetamine to use it. That

3

possession violated both federal and state law. The consumption of methamphetamine is a misdemeanor under federal law. 21 U.S.C. § 844. The consumption of methamphetamine is a felony under state law. N.C.G.S. § 90-95(a)(3). Due to the fact there is probable cause to believe that Defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that Defendant will not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that the Defendant violated the condition of release that required her to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless it is prescribed by a licensed medical practitioner. The Defendant clearly violated this condition by using methamphetamine which is a drug which is not prescribed by a licensed medical practitioner.

The undersigned does not find that Defendant willfully and without lawfully excuse, violated the term and condition of her release that required her to participate in a program of inpatient or outpatient substance abuse therapy and counseling. Defendant did not have transportation to the place of treatment and reported such promptly to her probation officer. The undersigned finds that failure to report was not willful nor without lawful excuse.

Due to the findings made above and further considering the presumption that was created and also considering the factors as set forth in 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that the Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an Order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an Order detaining the Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: June 18, 2014

Dennis L. Howell
United States Magistrate Judge